# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 DEC 23  AM 11 23

STEPHAN HARRIS, CLERK
CHEYENNE

UNITED STATES OF AMERICA

vs

SAMUEL G. BRISENO

Case Number: 15-CR-145-J-1

Defendant's Attorney(s):
David Weiss

## JUDGMENT IN A CRIMINAL CASE

THE DEFENDANT pled guilty to count 1.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 2251(a)and(e) | Production of Child Pornography | June 25, 2015 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 2 is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No: **14423-091**

December 22, 2015
Date of Imposition of Sentence

Alan B. Johnson
United States District Judge

12/23/15
Date

WY 14

Rev. 11/18/2015

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 180 months.

The Court recommends to the Bureau of Prisons that the defendant be placed at Englewood Colorado and strongly recommend the he participate in and successfully complete the 500 hour Residential Drug Abuse Program.

The defendant is remanded to the custody of the United States Marshal.

---

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____ , with a certified copy of this Judgment.

_____
United States Marshal

By: _____
Deputy Marshal

---

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 120 months.

The defendant shall report to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime. Revocation of supervised release is mandatory if a defendant is required to register as a sex offender and commits certain offenses as listed in 18 U.S.C. 3583(k). In such cases, the Court must impose a minimum term of five (5) years imprisonment upon revocation.

While on supervised release, the defendant shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The defendant shall submit to one (1) drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter, as directed by the United States Probation Officer.

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the United States Probation Office.

While on supervised release, the defendant shall not use or possess any firearm, ammunition, dangerous weapons or destructive device. Supervised release shall be revoked for possession of a firearm.

The defendant shall make special assessment, fine and restitution payments as ordered by the Court and is required to notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

The defendant shall comply with the standard conditions that have been adopted by this Court as defined in the contents of the Standard Conditions page (if included in this judgment). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not access the Internet with any device unless such device has filtering software installed that has been approved by the Probation Officer. The defendant shall not make any attempt to conceal or erase the names of sites visited and shall configure any computer he uses to retain history for at least 30 days.

The defendant shall not possess, send or receive any pornographic, sexually oriented, or sexually

stimulating visual, auditory, telephonic or electronic signs, signals or sounds from any source, unless part of a treatment regimen. Defendant shall not visit bulletin boards, chat rooms or other Internet sites where any pornographic, sexually oriented or sexually stimulating images or messages are discussed. He shall not send or receive e-mail or other documents discussing any pornographic, sexually oriented, or sexually stimulating images or messages.

The defendant shall not use or possess any computer not authorized by the United States Probation Officer. The defendant shall consent to having installed on his/her computer(s), at his/her own expense, any hardware or software systems to monitor computer use. The defendant may be limited to possessing only one personal internet capable device, to facilitate effective monitoring of his/her internet related activities. The defendant shall consent to the Probation/ Pretrial Services Officer conducting periodic unannounced examinations of his/her computer(s), hardware, software, and other electronic devices, which may include retrieval and copying of all data from his/her computer(s). This also includes the removal of such equipment if necessary for the purpose of conducting a more thorough inspection or investigation. The defendant shall agree to sign and abide by the forensic intake agreement and the computer use agreement provided by the Probation Office. For the purposes of this condition, the term computer is defined at 18 U.S.C. § 1030(e), which includes, but is not limited to, traditional computers (Windows/Apple/ Linux based machines), cellular phones, internet tablets, and game machines and related accessories.

The defendant shall participate in and successfully complete sex offender treatment in a program approved by the United States Probation Officer, and abide by the rules, requirements and conditions of the treatment program. The defendant shall not discontinue treatment without the permission of the probation officer. The program may include polygraph testing.

The defendant shall not associate with children under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the Probation Officer.

The defendant shall register with the State Sex Offender Registration Agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer.

The court orders, as an explicit condition of supervised release for the defendant, who is a felon and required to register under the Sex Offender Registration and Notification Act, that he/she submit his/her person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

As a component of the defendant's treatment program, the defendant shall pay a one-time fee of $750 to partially defray the costs of sex offender treatment. Monetary payments made by the

defendant shall be applied to this fee only after all other court-ordered monetary obligations have been fulfilled. Payment of the fee shall be made by money order or cashiers check to the Clerk of District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, Wyoming 82001, utilizing the payment coupon provided by the probation office. This condition is waived if the defendant is supervised by a District other than Wyoming.

The defendant shall participate in and successfully complete a substance abuse treatment program approved by the United States Probation Officer, and abide by the rules, requirements and conditions of the treatment program. The defendant shall not discontinue treatment without the permission of the United States Probation Officer.

The defendant shall submit to drug and alcohol testing as directed by the United States Probation Officer and shall comply with specific copays imposed pursuant to district policy for failing to comply with drug testing.

The defendant shall refrain from any use or possession of alcohol and/or other intoxicants including over the counter medications used contrary to the recommended dosage, or the intentional inhalation of any substance, prescribed or otherwise, without the permission of the United States Probation Officer. Additionally, the defendant shall not enter establishments whose primary income is derived from the sale of alcohol.

The defendant shall participate in a cognitive-behavioral treatment regimen that may include, but is not limited to, Moral Reconation Therapy, Cognitive Thinking, Thinking for a Change, or Interactive Journaling. The defendant shall actively participate in treatment until successfully discharged or until the United States Probation Officer has excused the defendant from the treatment regimen.

The defendant shall resolve any outstanding warrants within six (6) months of their release from confinement.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the Court or United States Probation Officer;

2. The defendant shall report to the United States Probation Officer in a manner and frequency directed by the Court or United States Probation Officer;

3. The defendant shall answer truthfully all inquiries by the United States Probation Officer and follow the instructions of the United States Probation Officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the United States Probation Officer for schooling, training or other acceptable reasons;

6. The defendant shall notify the United States Probation Officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the United States Probation Officer;

10. The defendant shall permit a United States Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the United States Probation Officer;

11. The defendant shall notify the United States Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13. As directed by the United States Probation Officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the United States Probation Officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| Notes: | $100.00 | $0.00 | $0.00 Has child support obilgation |
| **Totals:** | $100.00 | $0.00 | $0.00 |

# FINE AND/OR RESTITUTION

The fine and/or restitution includes any costs of incarceration and/or supervision. The restitution, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than Two Thousand Five Hundred Dollars ($2,500.00), unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties; (7) JVTA Assessment.

The total fine and other monetary penalties shall be due in full immediately.

It is ORDERED that the defendant shall participate in the Inmate Financial Responsibility Program to pay all monetary obligations. While incarcerated, the defendant shall make payments of at least $25 per quarter. Any amount not paid immediately or through the Inmate Financial Responsibility Program shall be paid commencing 60 days after release from confinement in monthly payments of not less than $25, or 10% of the defendant's gross monthly income, whichever is greater. All monetary payments shall be satisfied not less than 60 days prior to the expiration of the term of supervised release.

Payments for monetary obligations shall be made payable by check or money order to the Clerk, U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001, and shall reference the defendant's case number, 15-CR-145-J-1.